UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
|  | This Memorandum-Decision and Order pertains to: |
| IN RE HOOSICK FALLS PFOA CASES. | Reece, No. 1:19-CV-219; Bamrick, No. 1:19-CV-225; Driscoll, No. 1:19-CV-231; Gates, No. 1:19-CV-221; Slowey, No. 1:19-CV-216; Webber, No. 1:19-CV-220; Wyman, No. 1:19-CV-215. |

_____

**MEMORANDUM-DECISION AND ORDER**

## I.   INTRODUCTION

This action concerns allegations of tortious acts committed by: (1) operators of facilities that discharged or released perfluorooctanoic acid ("PFOA") into the Village of Hoosick Falls's ("Hoosick Falls" or the "Village") water supply ("Hoosick Facilities"); and (2) several suppliers of those PFOAs. The plaintiffs—Kathleen Reece, Diane Bamrick, Mark Driscoll, Crystal Gates, Ryan Slowey, Ian Webber, and Lori Wyman (collectively, "Individual Plaintiffs")—assert claims in their individual capacities (and several on behalf of an estate) against these facility operators and PFOA suppliers under New York State law for negligence, gross negligence, strict liability, and strict products liability. Some of the Individual Plaintiffs also assert claims for loss of consortium and wrongful death.

Individual Plaintiffs each bring claims against Saint-Gobain Corporation ("Saint-Gobain") and its subsidiary, Saint-Gobain Performance Plastics Corporation ("SGPP"). Dkt. No. 1 ("Reece Complaint").[1] On May 28, 2019, Saint-Gobain moved to dismiss the Individual

_____

[1] For simplicity, the Court cites only to Docket entries from Reece, No. 19-CV-219. Save for the Reece Complaint, the contents of the other entries cited within are identical across the above-captioned cases. The complaints in the other cases raise similar allegations to those

Plaintiffs' cases pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal

jurisdiction. Dkt. No. 28 ("Motion to Dismiss"). While the Court concluded on January 2, 2020

that Individual Plaintiffs had not sufficiently alleged that this Court can exercise personal

jurisdiction over Saint-Gobain, it denied the Motion to Dismiss so that Individual Plaintiffs could

conduct jurisdictional discovery. Dkt. No. 48 ("January 2020 Memorandum-Decision and

Order"). On January 16, 2020, Saint-Gobain moved for reconsideration of the Court's decision to

allow Individual Plaintiffs to conduct jurisdictional discovery. Dkt. Nos. 52 ("Motion for

Reconsideration"); 52-1 ("Saint-Gobain's Memorandum"); 52-3 ("Canning Transcript").

Individual Plaintiffs have filed a response to the Motion for Reconsideration, Dkt. No. 54

("Response"), to which Saint-Gobain has filed a reply, Dkt. No. 55 ("Reply").

        For the following reasons, the Court denies the Motion for Reconsideration.

## II.      BACKGROUND

        The facts and allegations in this case were detailed in the January 2020 Memorandum-

Decision and Order, familiarity with which is assumed.

## III.     LEGAL STANDARDS

### A.  Rule 54(b)

        Federal Rule of Civil Procedure 54(b) governs the analysis of the Motion for

Reconsideration since the "Court did not enter a judgment following its ruling on the motion[] to

dismiss." See Buczakowski v. 1199SEIU, No. 18-CV-812, 2020 WL 2092480, at *1 (N.D.N.Y.

May 1, 2020) (Kahn, J.) (quoting Ferring B.V. v. Fera Pharm., LLC, No. 13-CV-4640, 2015 WL

---

included in the Reece Complaint, and the portions of the Reece Complaint cited in this
Memorandum-Decision and Order are identical among all the complaints.

5307793, at *1 (E.D.N.Y. Sept. 10, 2015)); see also Cantey v. Martuscello, No. 17-CV-284,

2020 WL 1030646, at *3 (N.D.N.Y. Mar. 3, 2020) (Kahn, J.) (finding that a motion for

reconsideration is "properly brought under Rule 54(b)" when it addresses a decision that partially

denies a motion for summary judgment).

    Rule 54(b) provides in relevant part:

> [A]ny order or other decision, however designated, that adjudicates
> fewer than all the claims or the rights and liabilities of fewer than all
> the parties does not end the action as to any of the claims or parties
> and may be revised at any time before the entry of a judgment
> adjudicating all the claims and all the parties' rights and liabilities.

    As another court in this District has observed:

> Motions under Rule 54(b) are subject to the law-of-the-case doctrine.
> In re Rezulin Liability Litigation, 224 F.R.D. 346, 349 (S.D.N.Y.
> 2004). This means that the decisions referenced in Rule 54(b) "may
> not usually be changed unless there is 'an intervening change of
> controlling law, the availability of new evidence, or the need to
> correct a clear error or prevent a manifest injustice." Official Comm.
> of Unsecured Creditors of the Color Tile, Inc. v. Coopers & Lybrand,
> LLP, 322 F.3d 147, 167 (2d Cir. 2003) (citing Virgin Atl. Airways,
> Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).
> This allows for decisions to be revisited, "subject to the caveat that
> 'where litigants have once battled for the court's decision, they should
> neither be required, nor without good reason permitted, to battle for
> it again.'" Id. (citing Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d
> Cir. 1964)).

Kaufman v. Columbia Mem'l Hosp., No. 11-CV-667, 2014 WL 2776662, at *2 (N.D.N.Y. June

19, 2014).

    Hence, "[t]he standard for granting a motion for reconsideration [under Rule 54(b)] 'is

strict, and reconsideration will generally be denied unless the moving party can point to

controlling decisions or data that the court overlooked—matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court.'" Brooks v. Hogan, No. 14-CV-477, 2017 WL 1025966, at *2 (N.D.N.Y. Mar. 16, 2017) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

### B.  Rule 12(b)(2)

"When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over the defendants." Micro Fines Recycling Owego, LLC v. Ferrex Eng'g, Ltd., No. 17-CV-1315, 2019 WL 1762889, at *2 (N.D.N.Y. Apr. 22, 2019) (Kahn, J.) (citing Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996)). The court is not limited to considering "the four corners of the complaint." Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 225 (S.D.N.Y. 2013). "[T]he Court may also rely on submitted affidavits and other supporting materials submitted in relation to the motion." Id.

A plaintiff need only make a prima facie showing of personal jurisdiction over a defendant. Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005). "A prima facie showing of jurisdiction 'does not mean that plaintiff must show only some evidence that defendant is subject to jurisdiction; it means that plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction.'" Tamam v. Fransabank Sal, 677 F. Supp. 2d 720, 725 (S.D.N.Y. 2010) (quoting Bellepointe, Inc. v. Kohl's Dep't Stores, Inc., 975 F. Supp. 562, 564–65 (S.D.N.Y. 1997)). Pleadings that assert only "conclusory non-fact-specific jurisdictional allegations" or state a "legal conclusion couched as a factual allegation" do not meet this burden. Jazini v. Nissan Motor Co., 148 F.3d 181, 185 (2d Cir. 1998). While "the pleadings and affidavits are to be construed in the light most favorable to Plaintiff, and all doubts

are to be resolved in Plaintiff's favor," Minholz v. Lockheed Martin Corp., 227 F. Supp. 3d 249,

255 (N.D.N.Y. 2016), a court should "not draw 'argumentative inferences' in the plaintiff's

favor," Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994) (quoting Atl.

Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992)).

### C. Jurisdictional Discovery

"[E]ven where plaintiff has not made a prima facie showing of personal jurisdiction, a

court may still order discovery, in its discretion, when it concludes that the plaintiff may be able

to establish jurisdiction if given the opportunity to develop a full factual record." Leon v.

Shmukler, 992 F. Supp. 2d 179, 194 (E.D.N.Y. 2014) (citing In re Magnetic Audiotape Antitrust

Litig., 334 F.3d 204, 208 (2d Cir. 2003)). "Accordingly, district courts in this Circuit have

ordered jurisdictional discovery where plaintiff made less than a prima facie showing but 'made a

sufficient start toward establishing personal jurisdiction.'" Hollins v. U.S. Tennis Ass'n, 469 F.

Supp. 2d 67, 70–71 (E.D.N.Y. 2006) (quoting Uebler v. Boss Media, 363 F. Supp. 2d 499,

506–07 (E.D.N.Y. 2005)); see also Leon, 992 F. Supp. 2d at 195 (noting that jurisdictional

discovery is warranted when "the plaintiff has made a threshold showing that there is some basis

for the assertion of jurisdiction[,] facts that would support a colorable claim of jurisdiction").

## IV.    DISCUSSION

Saint-Gobain argues that "it would be a clear error of law and manifestly unjust" to

permit jurisdictional discovery because "[Individual] Plaintiffs made no allegations and produced

no evidence of fraud or injustice to support alter ego jurisdiction" and Individual Plaintiffs'

allegations supporting specific jurisdiction "were refuted by [Saint-Gobain's] evidentiary proffer,

without rebuttal." Saint-Gobain's Mem. at 1–2. The company also argues that the Court should

not allow jurisdictional discovery because "the Court overlooked the substantial discovery, including individual [fact] and Rule 30(b)(6) depositions, that has already taken place" regarding the existence of personal jurisdiction over Saint-Gobain. The Court considers each of these arguments in turn.

### A. Alter Ego Theory

As an initial matter, Saint-Gobain incorrectly asserts that "the alter ego theory [of personal jurisdiction] was the primary basis of the Court's finding" that jurisdictional discovery is warranted. Saint-Gobain's Mem. at 4. The facts that justified jurisdictional discovery related both to alter ego jurisdiction and specific jurisdiction. Jan. 2020 Mem.-Decision and Order at 15–16. As such, the Court concluded that any jurisdictional discovery Individual Plaintiffs might take should be directed both at "ascertaining the precise level of interrelatedness between Saint-Gobain and SGPP [and] . . . discerning the direct contacts, if any, between Saint-Gobain and New York State." Id. at 18 (internal citation and quotation marks omitted).

In any event, Saint-Gobain argues that the Court committed clear error and was manifestly unjust in permitting jurisdictional discovery regarding whether SGPP is an alter ego of Saint-Gobain because Individual Plaintiffs failed to aver "the essential element of fraud or injustice." Saint-Gobain's Mem. at 4–7. The Court disagrees.

"Since SGPP is a California corporation, the Court must turn to California law to determine whether SGPP is an alter ego of Saint-Gobain." Jan. 2020 Mem.-Decision and Order at 12 (internal citation omitted). To establish personal jurisdiction through an alter ego theory, "a plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard

their separate identities would result in fraud or injustice." Williams v. Yamaha Motor Co., 851

F.3d 1015, 1021 (9th Cir. 2017) (quoting Ranza v. Nike, Inc., 793 F.3d 1059, 1073 (9th Cir.

2015)).[2]

     Saint-Gobain argues that "there logically cannot be a 'sufficient start' where [Individual]

Plaintiffs have not offered any allegations or evidence on" whether failure to disregard the

separate identifies of SGPP and Saint-Gobain would result in fraud or injustice. Saint-Gobain's

Mem. at 5. In support of its argument, Saint-Gobain relies on Maldonado v. Rogers, which found

that a plaintiff had failed to make a sufficient start toward establishing personal jurisdiction

because the plaintiff had not alleged one of the elements of New York's specific jurisdiction

statute, New York Civil Practice Law and Rules § 302(a). See 99 F. Supp. 2d 235, 240

(N.D.N.Y. 2000). But this argument is unfounded for several reasons.

     First, controlling decisions warranting reconsideration of the Court's decision to allow

jurisdictional discovery related to an alter ego theory are those issued by the Ninth Circuit; "they

do not include decisions from other circuits or district courts . . . ." See Langsam v. Vallarta

Gardens, No. 08-CV-2222, 2009 WL 2252612, at *2 (S.D.N.Y. July 28, 2009). Therefore, Saint-

Gobain's only citation in support of its argument—Maldonado, which is a district court case

from the Second Circuit—does not justify reconsideration of this issue. See Taylor v. Cuomo,

No. 07-CV-2138, 2008 WL 63283, at * 2 (E.D.N.Y. Jan. 3, 2008) (finding that the petitioner had

---

    [2] To the extent Individual Plaintiffs argue that the Court should "not require[] an
allegation of fraud or other wrong" in assessing whether personal jurisdiction exists, Resp. at 6
(quoting Micro Fines, 2019 WL 1762889, at *5), that argument must be rejected because it is
predicated on inapplicable Second Circuit case law. As noted above, California law governs this
issue and the Ninth Circuit has made clear that a plaintiff, when establishing alter ego
jurisdiction, must show that failure to disregard the corporate form would result in fraud or
injustice. See Williams, 851 F.3d at 1021.

not presented any controlling decisions supporting reconsideration when he only relied only upon

caselaw from a different circuit). The Court is also not surprised that Saint-Gobain did not cite to

a controlling decision that supports its argument since courts within the Ninth Circuit have

permitted discovery on the existence of alter ego jurisdiction even when the plaintiff did not

plead facts suggesting or adduce evidence showing fraud or injustice. See, e.g., Lauren Sun v.

Siemens AG, No. 10-CV-174, 2010 WL 11549643, at *4 (C.D. Cal. Aug. 4, 2010) (authorizing

jurisdictional discovery when the plaintiff only provided evidence pertaining to whether the

parent corporation and its subsidiary are the same entity), amended sub nom. on other grounds by

Sun v. Siemens AG, No. 10-CV-174, 2010 WL 11549644 (C.D. Cal. Oct. 27, 2010); Heller v.

Cepia, L.L.C., No. 11-CV-1146, 2012 WL 13572, at *11–12 (N.D. Cal. Jan. 4, 2012) (same),

aff'd, 560 F. App'x 678 (9th Cir. 2014).

Second, as a general matter, the Court disagrees that a court cannot "logically" permit

discovery on a jurisdictional theory when the plaintiff does not provide allegations or evidence

on an element of that theory. See Saint-Gobain Mem. at 5. The Court finds that the reasoning of

Vasquez v. Hong Kong & Shanghai Banking Corp. Ltd., No. 18-CV-1876, 2019 WL 3252907

(S.D.N.Y. July 19, 2019)—which, like Maldonado, addressed the need for jurisdictional

discovery in the context of C.P.L.R. § 302(a)—to be instructive on this point. The Vasquez court

permitted discovery regarding whether the defendant was subject to jurisdiction under C.P.L.R.

§ 302(a)(1). See 2019 WL 3252907, at *1, 3.[3] Prior to ordering jurisdictional discovery, the court

---

[3] "To establish personal jurisdiction under § 302(a)(1), two requirements must be met: (1) the defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." Vasquez, 2019 WL 3252907, at *3 (citation, internal quotation marks, and alteration omitted).

only "focused its analysis on the first of [§ 302(a)(1)'s] prongs" when determining whether the

plaintiff had made a prima facie case of personal jurisdiction. Id. at *3. Although the Court found

that the plaintiffs had not established personal jurisdiction over the defendant, it allowed

jurisdictional discovery as to both prongs of § 302(a)(1). Id. The court allowed discovery as to

the second prong of § 302(a)(1), even though it had only analyzed the first prong, because,

"[a]lthough there may be cases where the facts bearing on the first prong of [§ 302(a)(1)] are

entirely distinct from the facts bearing on the second, the record here suggests that evidence to be

adduced will likely inform the Court's assessment of each prong." Id.

Similarly to Vasquez, the Court did not determine whether Individual Plaintiffs satisfied

the second element of the alter ego test since they did not satisfy the first prong. Jan. 2020 Mem.-

Decision and Order at 15 n.5. But, as in Vasquez, the Court finds that jurisdictional discovery

will likely uncover evidence bearing on both prongs of the alter ego theory. For, evidence that

shows that Saint-Gobain "controls" SGPP "to such a degree as to render the latter the mere

instrumentality of the former" will likely bear on whether such domination of SGPP furthers a

fraud or injustice. Id. at 12 (quoting Corcoran v. CVS Health Corp., 169 F. Supp. 3d 970, 983

(N.D. Cal. 2016)). Thus, the Court still finds that jurisdictional discovery is warranted as to

whether SGPP is an alter ego of Saint-Gobain.

In sum, the Court does not find it committed clear error or acted with manifest injustice in

permitting Individual Plaintiffs to conduct jurisdictional discovery into whether SGPP is an alter

ego of Saint-Gobain.

**B. Saint-Gobain's Evidentiary Proffer**

In the January 2020 Memorandum-Decision and Order, the Court found that two of

Individual Plaintiffs' allegations supported their request for discovery regarding the Court's

specific jurisdiction over Saint-Gobain: (1) Saint-Gobain was "a past owner and operator of the

Hoosick Facilities" and (2) "DuPont manufactured and/or sold PFOA-containing materials to

Saint-Gobain . . . that were used at the Hoosick Facilities." Jan. 2020 Mem.-Decision and Order

at 16 (citing Reece Compl. ¶¶ 5, 30). Saint-Gobain argues that a pair of affidavits included in its

Motion to Dismiss briefing "refuted" these two allegations and that the refuted allegations cannot

serve as a basis for jurisdictional discovery. Saint-Gobain's Mem. at 8. The Court, however, does

not find that it committed clear error or was manifestly unjust in permitting Individual Plaintiffs

to proceed with jurisdictional discovery based on these allegations.

In its Motion to Dismiss briefing, Saint-Gobain provided an affidavit from Steven

Messmer, a vice president of Saint-Gobain, which attested that "Saint-Gobain Corporation is not

and has never been an owner of Hoosick Falls facilities." Dkt. No. 28-2 ("Messmer Affidavit")

¶ 8.[4] It also provided an affidavit from Richard Bear, SGPP's purchasing director, which attested

that Saint-Gobain did not purchase any of the PFOA products used at the Hoosick Facilities. Dkt.

No. 42-1 ("Bear Affidavit") ¶ 3. Individual Plaintiffs have not provided any affidavits or other

evidence refuting these attestations.

---

[4] Saint-Gobain also asserts that Individual Plaintiffs conceded that Saint-Gobain has never owned or operated the Hoosick Facilities when they stated that "SGPP remains the owner and operator of the Hoosick Facilities." Saint-Gobain's Mem. at 8 (citing, inter alia, Dkt. No. 44-6 ("Response to Motion to Dismiss") at 14). Yet the fact that SGPP remains the current owner and operator of the Hoosick Facilities does not mean that Saint-Gobain has never owned and operated them. Hence, Individual Plaintiffs have not contradicted their own allegation that Saint-Gobain was a past owner and operator of the Hoosick Facilities.

Saint-Gobain argues that "jurisdictional discovery 'is not permitted where, as here, the

defendant submits an affidavit that provides all the necessary facts and answers all the questions

regarding jurisdiction.'" Saint-Gobain's Mem. at 7–8 (quoting A.W.L.I. Grp., Inc. v. Amber

Freight Shipping Lines, 828 F. Supp. 2d 557, 575 (E.D.N.Y. 2011)). Once again, Saint-Gobain

has not provided a controlling decision justifying reconsideration and so the Court rejects its

argument. See Langsam, 2009 WL 2252612, at *2. Considering the merit of Saint-Gobain's

argument nonetheless, the Court finds that "there are further questions which are not answered by

the affidavit[s], and which may be necessary to establish [] personal jurisdiction." See Wafios

Mach. Corp. v. Nucoil Indus. Co., No. 03-CV-9865, 2004 WL 1627168, at *5 (S.D.N.Y. July 21,

2004). To start, while the Messmer Affidavit rebuts the allegation that Saint-Gobain *owned* the

Hoosick Facilities, it does not counter the allegation that Saint-Gobain *operated* those facilities.

Moreover, neither affidavit conclusively establishes that Saint-Gobain "has not purposefully

availed itself of the New York forum through its interactions with SGPP." See Jan. 2020 Mem.-

Decision and Order at 9. Nor, assuming Saint-Gobain does have the requisite contacts with New

York, do the affidavits definitively show that Individual Plaintiffs' claims do not arise from those

contacts. Therefore, the Court concludes that jurisdictional discovery is still justified despite the

existence of the Messmer Affidavit and Bear Affidavit.

Additionally, to the extent the Messmer Affidavit and Bear Affidavit conflict with

Individual Plaintiffs' allegations, Individual Plaintiffs "should have the opportunity to test the

[attestations] set forth in" those affidavits through jurisdictional discovery. See Badilla v. Nat'l

Air Cargo, Inc., No. 12-CV-1066, 2013 WL 5723324, at *11 (W.D.N.Y. Oct. 21, 2013); Brady v.

Conseco, Inc., No. 08-CV-5746, 2009 WL 2356201, at *9 (N.D. Cal. July 29, 2009); Marnavi

SpA v. Keehan, No. 08-CV-389, 2010 WL 1499583, at \*7 (D. Del. Apr. 14, 2010). This is

especially true when "the facts necessary to establish personal jurisdiction" may "lie exclusively

within the defendant's knowledge." Winston & Strawn v. Dong Won Sec. Co., No. 02-CV-183,

2002 WL 31444625, at \*5 (S.D.N.Y. Nov. 1, 2002) (citing Wells Fargo & Co. v. Wells Fargo

Express Co., 556 F.2d 406, 430 n.4 (2d Cir. 1977); Gelfand v. Tanner Motors, Ltd., 339 F.2d

317, 323 (2d Cir. 1964)).

Saint-Gobain further argues that "courts applying the 'sufficient start' standard [for

jurisdictional discovery] routinely reject jurisdictional allegations that are refuted by 'direct

highly specific, testimonial evidence' that is unrebutted by the plaintiff." Saint-Gobain's Mem. at

7 (quoting Merck & Co. v. Mediplan Health Consulting, Inc., 425 F. Supp. 2d 402, 420

(S.D.N.Y. 2006); Williams v. PMA Cos., Inc., 419 F. Supp. 3d 471, 480 (N.D.N.Y. 2019); In re

Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig., 959 F. Supp. 2d 476, 487 (S.D.N.Y.

2013) [MTBE]). Like the preceding arguments, the Court rejects this argument since Saint-

Gobain has not cited controlling decisions warranting reconsideration. See Langsam, 2009 WL

2252612, at \*2. Even if the Court were to consider it on the merits, two of the three cases cited

by Saint-Gobain in support of the argument are inapposite because they do not address the issue

of jurisdictional discovery. See Merck, 425 F. Supp. 2d at 402; MTBE, 959 F. Supp. 2d at 476.

And it is unclear from the third case whether the court even applied the sufficient start standard

in determining whether to permit jurisdictional discovery. See Williams, 419 F. Supp. 3d at 480.

Finally, Saint-Gobain takes the quote from these cases regarding testimonial evidence out of

context. These three cases all say that where a defendant rebuts a plaintiff's "unsupported

allegations with direct, highly specific, testimonial evidence regarding a fact essential to

jurisdiction" and the plaintiff does "not counter that evidence—the allegation *may* be deemed

refuted." Merck, 425 F. Supp. 2d at 420 (emphasis added); Williams, 419 F. Supp. 3d at 480

(emphasis added); MTBE, 959 F. Supp. 2d at 487 (emphasis added). The standard upon which

Saint-Gobain relies consequently states that a court may, not must, reject allegations when they

are rebutted by testimonial evidence. Here, the Court will not reject Individual Plaintiffs'

allegations rebutted by the Messmer Affidavit and Bear Affidavit until they have had an

opportunity to probe the veracity of Messmer and Bear's attestations.

In sum, the Court does not find it committed clear error or acted with manifest injustice in

allowing Individual Plaintiffs to proceed with jurisdictional discovery based on rebutted

allegations.[5]

## C. Previously Taken Discovery

Finally, Saint-Gobain argues that the Court should not permit jurisdictional discovery

because it overlooked "substantial and sufficient" discovery that Individual Plaintiffs have

---

[5] Saint-Gobain also suggests that the Court improperly relied on Aerotel, Ltd. v. Sprint Corp., 100 F. Supp. 2d 189 (S.D.N.Y. 2000), in finding that the two abovementioned allegations—(1) Saint-Gobain previously owned and operated the Hoosick Facilities and (2) Saint-Gobain purchased PFOA from DuPont that was used at the Facilities—justified jurisdictional discovery. In Aerotel, the court ordered jurisdictional discovery based on the plaintiff's "conclusory" allegations. 100 F. Supp. 2d at 194. Saint-Gobain asserts that "more recent Second Circuit caselaw has rejected jurisdictional discovery 'based entirely on conclusory and implausible allegations.'" Saint-Gobain's Mem. at 3 (quoting Haber v. United States, 823 F.3d 746, 754 (2d Cir. 2016)). Yet Saint-Gobain overstates the holding of Haber. There, the Second Circuit held that, because the plaintiff's "request for jurisdictional discovery is based entirely on conclusory and implausible allegations, the district court did not abuse its discretion in deciding that [the plaintiff] did not meet his burden of showing he was entitled to jurisdictional discovery." Haber, 823 F.3d at 754. Haber did not hold that a lower court abuses its discretion when it permits a plaintiff to proceed with jurisdictional discovery based on entirely conclusory allegations. Furthermore, Saint-Gobain does not assert, nor could it, that only conclusory allegations support the Court's finding that jurisdictional discovery is warranted here.

already taken regarding the existence of personal jurisdiction over Saint-Gobain. Saint-Gobain's

Mem. at 9.

To begin, the Court observes that, in this instance, Saint-Gobain has not asserted one of

the grounds for reconsideration: an intervening change of controlling law, the availability of new

evidence, or the need to correct a clear error or prevent a manifest injustice. See Kaufman, 2014

WL 2776662, at *2. Consequently, Saint-Gobain's argument boils down to a mere disagreement

with the Court over its decision to allow jurisdictional discovery here, which "is not a basis for

reconsideration." See Fitzgerald v. City of Troy, N.Y., No. 10-CV-451, 2013 WL 5442274, at *6

(N.D.N.Y. Sept. 27, 2013). Considering Saint-Gobain's argument in any event, the company

overstates the substantial and sufficient nature of the abovementioned discovery for two reasons.

First, Saint-Gobain references a "large volume of documents that have been produced"

collectively in the cases litigating the discharge of PFOA into the Village's water supply, Saint-

Gobain's Mem. at 9, but does not clarify what portions of these documents speak to whether the

Court may exercise personal jurisdiction over the company.

Second, Saint-Gobain points to two depositions—a Rule 30(b)(6) deposition of SGPP[6]

and a fact deposition of an SGPP employee, Edward Canning[7]—taken by Individual Plaintiffs on

---

[6] Messmer served as the designee for this deposition. Id.

[7] Individual Plaintiffs allege that Canning is potentially an employee of Saint-Gobain and
SGPP. Reece Compl. ¶ 93. This allegation supported the Court's finding that jurisdictional
discovery is warranted as to whether SGPP is an alter ego of Saint-Gobain. Jan. 2020 Mem.-
Decision and Order at 16. Saint-Gobain cites to testimony purportedly demonstrating that
Canning has only been employed by SGPP. Saint-Gobain's Mem. at 9 (citing Canning Tr.
26:14–19). The cited testimony illustrates that he was employed by SGPP, not that he was never
also employed by Saint-Gobain. Therefore, to the extent Saint-Gobain argues that the Court
clearly erred or was manifestly unjust in allowing Individual Plaintiffs to proceed with
jurisdictional discovery based on the abovementioned allegation regarding Canning's

the "relationship" between Saint-Gobain and SGPP. Id. Yet Saint-Gobain fails to identify

testimony from the Rule 30(b)(6) deposition that speaks to whether the company is subject to the

Court's personal jurisdiction.[8] Furthermore, the Rule 30(b)(6) and Canning depositions were

noticed by counsel in the lead case "for cases brought involving contamination of water sources

in and around Hoosick Falls." Baker v. Saint-Gobain Performance Plastics Corp., No.

16-CV-917, Dkt. No. 1 (N.D.N.Y. filed on Aug. 26, 2016). Per the coordination order governing

discovery in these cases, lead counsel was given seven hours to conduct these depositions, while

Individual Plaintiffs' attorneys split two hours of questioning with the other non-lead lawyers.

Dkt. No. 9 ("Coordination Order") ¶ 20. Thus, Individual Plaintiffs' lawyers had a limited

opportunity in the cited depositions to probe whether the Court can assert personal jurisdiction

over Saint-Gobain.[9] Finally, the Court cannot conclude lead counsel had sufficient incentive

during the Rule 30(b)(6) and Canning depositions to probe the issue of whether the Court may

---

employment, the Court rejects that argument.

   [8]  And, to the extent Saint-Gobain identifies such testimony from the Canning deposition, id. (citing Canning Tr. 599:15–600:15), that testimony confirms just one of Individual Plaintiffs' allegations regarding personal jurisdiction, namely that "on December 30, 2014, SGPP filed a Toxic Substances Control Act ('TSCA') Section 8(e) Notice with EPA. In that Notice, SGPP and Saint-Gobain reported the presence of PFOA in the Village water supply and the nexus of that contamination to the Hoosick Facilities." Jan. 2020 Mem.-Decision and Order at 4 (quoting Compl. ¶ 116). The limited subject matter of the Canning testimony demonstrates that more discovery is needed to determine whether Individual Plaintiffs can confirm their other jurisdictional allegations with evidence or otherwise show that the Court may exercise personal jurisdiction over Saint-Gobain.

   [9]  Saint-Gobain observes that Individual Plaintiffs' attorneys had an opportunity to ask questions during the Rule 30(b)(6), but chose not to. Saint-Gobain's Mem. at 9. While it remains unclear why Individual Plaintiffs' lawyers chose not to depose the witness (even if the deposition occurred before Saint-Gobain filed its Motion to Dismiss, Resp. at 5), the Court observes that, had counsel asked questions, counsel still would have had a limited opportunity to elicit testimony regarding the existence of personal jurisdiction over Saint-Gobain.

assert personal jurisdiction over Saint-Gobain since Saint-Gobain is not a party to the <u>Baker</u>

lawsuit.

Consequently, the Court concludes that it did not overlook substantial and sufficient

discovery that Individual Plaintiffs have already taken regarding the existence of personal

jurisdiction over Saint-Gobain.

*       *       *

Saint-Gobain requests that, if the Court denies its Motion for Reconsideration, "the Court

clarify its Order to require that any further jurisdictional discovery be narrowly tailored in light of

the [C]oordination [O]rder and substantial discovery conducted to date." Reply at 6. In the

January 2020 Memorandum-Decision and Order, the Court referred the instant actions "to the

Honorable Daniel J. Stewart, United States Magistrate Judge, so that he may oversee the

jurisdictional discovery ordered by the Court." Jan. 2020 Mem.-Decision and Order at 18. Should

Saint-Gobain have any concerns regarding the scope of the jurisdictional discovery requested by

Individual Plaintiffs, it may raise those concerns with Judge Stewart.

## V.    CONCLUSION

Assuming Saint-Gobain, after jurisdictional discovery has taken place, moves once again

to dismiss the case against it for lack of personal jurisdiction, Individual Plaintiffs' "prima facie

showing 'must include an averment of facts that, if credited by the trier, would suffice to

establish jurisdiction over the defendant.'" <u>Broker Genius, Inc. v. Seat Scouts LLC</u>, No.

17-CV-8627, 2019 WL 4054003, at *3 (S.D.N.Y. Aug. 27, 2019) (quoting <u>Dorchester Fin. Sec.,</u>

<u>Inc. v. Banco BRJ, S.A.</u>, 722 F.3d 81, 85 (2d Cir. 2013)). But the Court will not deny Individual

16

Plaintiffs an opportunity to conduct jurisdictional discovery when Saint-Gobain has not satisfied

the high burden the company faces on its Motion for Reconsideration.

Accordingly, it is hereby:

**ORDERED**, that Saint-Gobain's Motion for Reconsideration (Dkt. No. 52) is **DENIED**;

and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all

parties in accordance with the Local Rules.

**IT IS SO ORDERED.**


DATED:       June 15, 2020
             Albany, New York



_____
     Lawrence E. Kahn
     U.S. District Judge